# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re:                                                  Chapter 13

Ronald L. Le Tendre                      Case Number 18-21981-svk
     Debtor.

## STIPULATION RESOLVING DITECH FINANCIAL LLC'S OBJECTION TO CONFIRMATION OF PLAN

The debtor, by his attorneys, Bankruptcy Law Offices of Richard A. Check, and the creditor, Ditech Financial LLC, by its attorneys, Gray & Associates, L.L.P., stipulate and agree as follows:

1. That the creditor shall hold a secured claim in the amount of $30,000.00 which shall be paid together with interest at the fixed rate of 6.5% during the term of the debtor's chapter 13 case.

2. That the remaining amount of the creditor's proof of claim shall be treated as a non-priority general unsecured claim for the debt which is not secured. This unsecured claim shall be paid on a *pro rata* basis with the other timely-filed unsecured claims in the debtor's chapter 13 case.

3. The debtor shall file an amended plan by which provides for this treatment of the creditor's secured and unsecured claims.

4. Upon the completion of all payments required by the chapter 13 plan, payments required by the terms of this stipulation and the receipt of a non-hardship discharge order in this chapter 13 case, the creditor's mortgage upon the property located at 5724 N. 61st Street, Milwaukee,

**Drafted by:**

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151
Phone: 414.224.8404
Fax:    414.224-1279
Email: cdrout@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it obtains will be used for that purpose. If you previously received a discharge in a chapter 7 bankruptcy case, this should not be construed as an attempt to hold you personally liable for the debt.

WI 53218 ("the property") shall be deemed avoided and released and a document evidencing such release shall be provided by the creditor, which document may be recorded at the county register of deeds office.

5. The creditor's secured claim is evidenced by a mortgage dated August 22, 2006 and recorded on September 21, 2006 as Document Number 09305068 with the Register of Deeds for Milwaukee County, WI on the property further described as follows:

> LOT 10, IN BLOCK 10, IN H.J. BRODY'S ADDITION NO. 1, A SUBDIVISION OF A PART OF THE SOUTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 27, TOWNSHIP 8 NORTH, RANGE 21 EAST, IN THE CITY OF MILWAUKEE, MILWAUKEE COUNTY, WISCONSIN.

6. In the event the creditor does not release the mortgage in accordance with the terms of the preceding paragraph, then the debtor may cause a certified copy of the order approving this stipulation to be recorded with the county register of deeds office. This recording shall constitute a complete and full release of the creditor's mortgage upon the property.

7. In the event the debtor's chapter 13 case is dismissed or converted prior to the completion of all payments required by the chapter 13 plan, payments required by the terms of this stipulation and the receipt of a non-hardship discharge order in this chapter 13 case, any order entered in this bankruptcy case avoiding the creditor's mortgage will be null and void and the creditor's mortgage will remain fully enforceable against the property pursuant to 11 U.S.C. §349(b)(1)(C).

8. The debtor shall timely pay all real estate taxes that become due on the property and maintain hazard insurance on the property at all times. The creditor shall be named on the insurance policy as a co-payee in the event of a loss. In the event the debtor fails to timely pay all real estate taxes that become due on the property or fails to maintain insurance on the property, the creditor may impose an escrow account and force-place insurance on the property and seek other remedies as provided by the mortgage, the Bankruptcy Code and/or non-bankruptcy law.

9. If the creditor must advance its own funds to pay the real estate taxes and/or hazard insurance due to the debtor's failure to do so, and if the creditor incurs any expense advances, the amount of each such advance shall be a secured claim which shall be paid in full over the duration of the debtor's chapter 13 plan.

10. In the event that the property is destroyed or damaged, the creditor is entitled to its full rights as a loss payee pursuant to the mortgage with respect to the insurance proceeds and has a security interest in such proceeds up to the full amount of the creditor's mortgage balance.

11. In the event the property is sold or the subject mortgage loan is refinanced prior to the receipt of a non-hardship discharge in this chapter 13 case, the creditor is entitled to payment of the full amount of the creditor's mortgage balance from the original terms of the mortgage.

12. Except as provided herein, the terms of the note and mortgage held by the creditor are otherwise unaffected.

| | |
|---|---|
| Dated this  31st  day of July, 2018 | Dated this  6th  day of August, 2018 |
| Bankruptcy Law Offices of Richard A. Check<br>Attorneys for Debtor | GRAY & ASSOCIATES, L.L.P.<br>Attorneys for Creditor |
| By:   /s/ Richard A. Check<br>     Richard A. Check | By:   /s/ Christopher C. Drout<br>     Christopher C. Drout |

NO OBJECTION

Dated this  31  day of July, 2018

  /s/ Rebecca A Quiroz
Rebecca R. Garcia
Chapter 13 Trustee